## Young v. Glancey.

### (Decided February 17, 1925.)

### Appeal from Floyd Circuit Court.

1. Libel and Slander—Charge that Miner has Changed Checks on Loaded Coal Cars so that he May Collect Therefor is Equivalent to Charge of Larceny.—Charge that miner has changed checks on loaded cars of coal by removing proper check therefrom and placing his own thereon so that he may collect therefor is equivalent to charge of larceny.

2. Trial—Instruction Based on Ground of Defense Not Raised by Pleadings Held Improperly Given.—Where defense was based solely on ground that communication complained of was privileged, instruction based on theory that such communications were true held improperly given.

3. Libel and Slander—Instruction Constituting Converse of One Previously Given and Affirmatively Presenting Issue Approved.—Instruction to find for plaintiff if jury believed defendant used language complained of unless used in bona fide investigation, which constituted converse of instruction previously given, approved.

C. B. WHEELER for appellant.

KIRK & KIRK for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Young, a miner, sued Glancey, a mine foreman, for slander, the slanderous words alleged in the petition

being: "You were caught stealing coal off the cars, and you have no further job here."

This was traversed by the answer, but in the second paragraph it is pleaded that the mine driver had reported to defendant "that (the plaintiff), Henry Young, had changed some coal loaders' checks from the other miners, and he had caught him at it." That as mine foreman it was the defendant's duty to investigate this charge, and he did so, repeating the language quoted; that the plaintiff became angry and threatened violence to the driver, whereupon defendant suggested to him that he had better clean up and leave.

This was controverted by reply. The evidence before the jury was in line with the pleading. A verdict and judgment were rendered for defendant, and plaintiff appeals.

For a miner to change the checks on loaded cars by removing the proper checks therefrom and placing his own thereon is to appropriate the other miners' coal to his own use, and enables him to collect therefor; and it is admitted by appellee, that such a charge is equivalent to a charge of larceny.

Instruction E given by the court is as follows:

"The court further instructs the jury that, if you believe and find from the evidence in this case that the words spoken by the defendant, if any were spoken, or any material part of them were true, no damage should be awarded for those shown to be true."

This instruction is erroneous. The defense was that the defendant was acting within his duty, and that his communication was privileged. This was properly submitted in a separate instruction. He might also have pleaded the truth of the words he was speaking. Such plea would not have been inconsistent with the other defenses made by him, and would have authorized the instruction quoted, but not having pleaded this defense, he was not entitled to an instruction upon it.

In another trial the court will omit the following sentence from instruction "B": "The law is for the defendant and you should so find," and in lieu thereof say: "You cannot find for plaintiff under instruction 'A.'"

Instruction "E" will be omitted unless additional pleadings are filed authorizing its use. An additional instruction may be given in these words:

The defendant having admitted saying to plaintiff in the presence of others "that he had.been informed by Ora Keaton that the plaintiff (Henry Young) had changed some coal loaders' checks from other miners' cars and put his checks on said cars, and he had caught him at it," you should find for the plaintiff unless you believe from the evidence that said words were used in a *bona fide* investigation made by defendant as mine foreman to ascertain the foundation of such charge, and not maliciously.

This being the converse of instrutcion No. — heretofore given for defendant and which should also be given again.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.